**IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA**

**CASE NO:**

**CHERYL HANCOCK,**

**Plaintiff,**

**vs.**

**TARGET CORPORATION,**
**A Foreign Profit Corporation,**

**Defendant.**

______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **CHERYL HANCOCK,** by and through her undersigned attorney, hereby sues Defendant, **TARGET CORPORATION, A Foreign Profit Corporation, (hereinafter, "TARGET")** and alleges:

1. This is an action for damages in excess ($50,001.00) exclusive of costs and attorney's fees, and Plaintiff(s) hereby demand a trial by jury; accordingly, although, to file this complaint, undersigned counsel is being required by order of the Supreme Court of Florida to contemporaneously complete a civil cover sheet with a dollar figure as an estimated amount of claim for data collection and clerical processing purposes only, the full monetary value of the damages suffered by Plaintiff (s) is yet to be determined and will be decided in a verdict by the jury that judges the facts of this action in compliance with Article I, Section 22, Florida Constitution

2. At all times material to this action, Plaintiff, CHERYL HANCOCK, was a natural person who resides in Duval County, Florida.

3. At all times material to this action, Defendant, TARGET CORPORATION was a Foreign Profit Corporation licensed to do business and doing business in the State of Florida, more particularly, Duval County.

4. At all times hereto, Defendant, TARGET, was the owner and was in possession of the premises known as "Target" located at 10490 San Jose Blvd, Jacksonville, FL 32257.

5. On or about April 17, 2024, Plaintiff, CHERYL HANCOCK, was visiting the aforementioned premise located at the above address to shop.

6. On or about April 17, 2024, Plaintiff, CHERYL HANCOCK, was walking in or around the premises when her she encountered a step stool aside the aisle. She tripped over said step stool causing her to fall resulting in serious bodily harm.

7. Plaintiff suffered permanent bodily injury.

8. At all times material, the Defendant, being the owner of or otherwise in legal control or tenant of the premises, had a duty to not create a dangerous condition, exercise reasonable care for patron's safety, maintain the premises in a reasonably safe condition, inspect, maintain, and remove the step stool in the aisle, and/or to warn its invitees, including Plaintiff, of unreasonably dangerous conditions existing on the property.

9. Defendant breached its duties owed to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain the step stool in the aisle;

b) Negligently creating a tripping hazard to members of the public utilizing said premises;

c) Negligently failing to inspect or adequately inspect the step stool in the aisle;

d) Negligently failing to adequately warn the Plaintiff of the danger of the dangerous condition;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the step stool in the aisle or other dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or remove the step stool in the aisle;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition, more particularly the step stool in the aisle;

h) Negligently failing to have adequate policies in place to identify dangerous conditions, more particularly the step stool in the aisle;

i) Negligently failing to enforce its policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

j) Negligently failing to act reasonably under the circumstances;

10. This Defendant had actual or constructive notice of the existence of the dangerous conditions in the store and should have taken steps to remedy the condition or warn Plaintiff of its existence. It did neither. The Defendant was on constructive notice of the unreasonably dangerous condition because:

(a) The dangerous condition was caused, in the exercise of ordinary care, by Defendant, TARGET, whom should have taken the proper steps to notify Plaintiff and all others similarly situated, of the condition stated herein;

(b) The condition occurred with regularity and was therefore foreseeable;

(c) Defendant, TARGET, failed to provide verbal and/or written warning to patrons, including Plaintiff, of the dangerous condition on their premises; and

d) The dangerous condition had existed for a sufficient length of time so that Defendant had constructive knowledge of the dangerous condition.

11. As a direct and proximate result of the negligence of Defendant, TARGET, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff has sustained permanent injuries within a reasonable degree of medical probability. All losses are continuing and/or permanent.

WHEREFORE, Plaintiff, **CHERYL HANCOCK**, demands judgment for damages against Defendant, **TARGET CORPORATION, A Foreign Profit Corporation,** and a trial by jury of all issues so triable.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to via process server.

**FARAH & FARAH, P.A.**

*/s/ Robert S. Gunn*
**Robert S. Gunn, Esq.**
Florida Bar No.: 1003271
10 West Adams Street
Jacksonville, FL 32202
(904) 594-3046
***Attorney to Plaintiff***

***Email Designations:***
Primary: rgunn@farahandfarah.com
Secondaryamohammed@farahandfarah.com