# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CHERYL HANCOCK,

     Plaintiff,

v.                                                    Case No. 3:25-cv-251-MMH-SJH

TARGET CORPORATION, a foreign
profit corporation,

     Defendant.

_____

# O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On March 13, 2025, the

Court directed the parties to file documentation to support the Court's exercise

of diversity jurisdiction over this action. <u>See</u> Jurisdictional Order (Doc. 9). In

particular, the Court directed Plaintiff to state both her national and State

citizenships, explaining that:

> While alienage jurisdiction may exist between a citizen of a foreign
> nation and a citizen of a State, <u>see</u> 28 U.S.C. § 1332(a)(2), when a
> United States citizen is domiciled in a foreign nation, diversity
> jurisdiction is not proper between that individual and a citizen of a
> State. <u>See</u> <u>Las Vistas Villas, S.A. v. Petersen</u>, 778 F. Supp. 1202,
> 1203–05 (M.D. Fla. 1991), <u>aff'd sub nom.</u> <u>Las Vistas Villas v.</u>
> <u>Petersen</u>, 13 F.3d 409 (11th Cir. 1994); Wright & Miller, Fed. Prac.
> and Proc. § 3602 n.11 (3d ed. 2024) (collecting cases).

<u>Id.</u> at 3.

Each party has now filed a disclosure statement that addresses its citizenship in conformity with the Court's Jurisdictional Order. <u>See</u> Defendant, Target Corporation's Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 11; Defendant's Disclosure), filed April 3, 2025; Plaintiff, Cherly [sic] Hancock's Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 20; Plaintiff's Disclosure), filed April 28, 2025. In her disclosure, Plaintiff states that she is a United States citizen domiciled in Mexico. <u>See</u> Plaintiff's Disclosure at 2. In its disclosure, Defendant states that it is a citizen of Minnesota. <u>See</u> Defendant's Disclosure at 2. Because this action is between a citizen of a State and a citizen of the United States domiciled abroad, and as explained in the Jurisdictional Order, quoted above, the Court lacks diversity jurisdiction over this action. Because there is no other apparent basis for the Court to exercise subject matter jurisdiction in this trip-and-fall case, <u>see</u> Complaint and Demand for Jury Trial (Doc. 5), filed March 10, 2025; Defendant Target Corporation's Notice of Removal (Doc. 1), filed March 7, 2025, the action is due to be remanded.

Accordingly, it is

**ORDERED:**

1. The Clerk of the Court is directed to **remand** this case to the Circuit Court of the Fourth Judicial Circuit, in and for Duval

County, Florida, and to transmit a certified copy of this Order to the clerk of that Court.

2.     The Clerk of the Court is further directed to **close** the file and **terminate** any remaining motions and deadlines as moot.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of April, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of Record
Clerk, Fourth Judicial Circuit